IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CURTIS WILLIAMS,

        Plaintiff,

v.                                                                                                          No. CIV 07-0333 JB/LAM

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Robert Curtis Williams' Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 5, 2007 (Doc. 1). Williams is incarcerated, appears *pro se*, and has moved for leave to proceed in *forma pauperis* ("IFP"). The required filing fee for this civil rights complaint is $350.00.

Section 1915(b)(1) requires Williams to pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). Based on the information in the record about Williams' financial status, the Court finds that Williams is unable to pay an initial partial payment pursuant to § 1915(b)(1). The Court will grant the IFP motion, and, for the reasons stated below, will dismiss Williams' claims against Defendant State of New Mexico Corrections Department.

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Williams' *pro se* complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his Complaint, Williams alleges that the Department has failed to protect him from harm by other inmates. Williams contends that the Department's conduct has violated his Eighth Amendment protections. The Complaint seeks only equitable relief against the Department.

The Court can grant no relief on Williams' claims against the Department.

> A cause of action under section 1983 requires the deprivation of a civil right by a "person" acting under color of state law. [The plaintiff] named as the sole defendant in this action the [Corrections Department], . . . . The Supreme Court held in *Will* that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." As we explained in *Harris*, "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes. Having sued only the [Department] . . . , [the plaintiff] has failed to state a claim against a person covered by section 1983."

*McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000)(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995))(citations omitted). Williams' Complaint does not state a claim against the Department. The Court will dismiss Williams' claims against the Department, with leave to amend. Failure to timely amend may result in dismissal of this action.

**IT IS THEREFORE ORDERED** that the Plaintiff Robert Curtis Williams' motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, contained in his Prisoner's Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 (Doc. 2), is granted, and the initial partial payment of the filing fee is waived;

**IT IS FURTHER ORDERED** that Williams must make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account, or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide Williams with two copies of the post-filing financial certificate, and Williams is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

**IT IS FURTHER ORDERED** that Williams' claims against Defendant State of New Mexico Corrections Department are dismissed; the Department is dismissed as a party to this action; and, **within twenty (20) days from entry of this memorandum opinion and order, Williams may file an amended complaint naming one or more proper § 1983 defendants.**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE