IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT CURTIS WILLIAMS,**

       **Plaintiff,**

v.                                           No. CIV 07-0333 JB/LAM

**JOE WILLIAMS and**
**ERMA SEDILLO,**

       **Defendants.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

### **PROPOSED FINDINGS**

**THIS MATTER** is before the Court on ***Defendants' Motion to Dismiss*** *(Doc. 26)* and ***Memorandum in Support of Defendants' Motion to Dismiss*** (*Doc. 26-2*) filed by Defendants on February 8, 2008. On the same day, Defendants also filed a *Martinez* report. *See* ***Defendants' Court-Ordered Martinez Report*** *(Doc. 27)*.[2] Plaintiff responded to the *Martinez* report on February 22, 2008. *See* ***Response to Defendants' Martinez Report*** *(Doc. 29)*. On February 25, 2008, Plaintiff filed his ***Response to Defendant[]s['] Motion to Dismiss Complaint*** *(Doc. 30)*.

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2]On January 4, 2008, the Court ordered Defendants to file a *Martinez* report pursuant to *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978). *See* ***Order to File a Martinez Report and Setting Dispositive Deadlines*** *(Doc. 21)*.

Also before the Court is *Plaintiff's Emergency Motion for Order of Protection (Doc. 22)*, filed on January 14, 2008. Defendants filed *Defendants' Response to Plaintiffs' Emergency Motion for Order of Protection (Doc. 34)* on April 9, 2008,[3] and Plaintiff filed his *Response to Defendants' Answer to Plaintiff's Motion for Order of Protection (Doc. 35)*, which the Court construes as a reply. For the reasons set forth below, the undersigned recommends that *Defendants' Motion to Dismiss (Doc. 26)* be **GRANTED**, that *Plaintiff's Emergency Motion for Order of Protection (Doc. 22)* be **DENIED**, and that all of Plaintiff's claims and this case be **DISMISSED with prejudice**. In deciding this matter, the Court has considered the parties' submissions, the record of this case and relevant law.

### *Background*

Plaintiff is a prisoner who is proceeding *in forma pauperis*.[4] He filed this action on April 5, 2007, pursuant to 42 U.S.C. § 1983, against the State of New Mexico Corrections Department.[5] Plaintiff filed a *Letter (Doc. 5)* to the Court on May 18, 2007, which contains additional allegations against nurses, officers, and other inmates at the Central New Mexico Correctional Facility. The Court *sua sponte* dismissed Plaintiff's claims against the State of New Mexico Corrections Department on July 2, 2007, with leave to file an amended complaint with proper § 1983 defendants.[6] On July 16, 2007, Plaintiff filed a motion asking to amend his complaint by

---

[3]The Court ordered Defendants to respond to *Plaintiff's Emergency Motion for Order of Protection (Doc. 22)*. See *Order Setting Deadline to Respond to Plaintiff's Motion for Order of Protection (Doc. 33)*.

[4]See *Memorandum Opinion and Order (Doc. 7)* at 2-3 granting Plaintiff's motion for leave to proceed *in forma pauperis*.

[5]See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983** (*Doc. 1*) at 1.

[6]See *Memorandum Opinion and Order (Doc. 7)* at 3.

adding Defendants Joe Williams and Erma Sedillo and removing the State of New Mexico Corrections Department, which the Court granted.[7] Defendants answered Plaintiff's complaint on October 15, 2007 (*see Defendants Williams and Sedillo's Answer (Doc. 15)*), and Plaintiff filed *Plaintiff's Response to Defendant[]s['] Answer (Doc. 16)* on November 5, 2007.

In his complaint, Plaintiff alleges that his rights under the Eighth Amendment to the United States Constitution were violated while he was an inmate of the New Mexico Corrections Department.[8] Plaintiff alleges that on July 25, 2006, he heard an inmate in Room 204 tell an officer: "'You know that guy you just put in the shower? I got orders to take him out. All the way out!'"[9] Plaintiff alleges he "heard that same inmate say that to another inmate a few weeks before."[10] Plaintiff alleges that on August 5, 2006 he heard the inmate in Room 204 tell an inmate in Room 206 that they were going to "'get him tomorrow,'" and that an officer would help them open the door.[11] Plaintiff states that the next day the inmate in Room 204 asked an officer if the officer was going to open the door, and the officer said "'No, we don't want to give his sister and lawyer something else to sue us [f]or.'"[12] Plaintiff states that on August 8, 2006, he told "Captain Henderson" what Plaintiff had

---

[7]*See Plaintiff's Motion to Amend Complaint (Doc. 8)* and *Order (Doc. 9)* granting Plaintiff's motion. The Court stated that "the original and proposed amended complaints are construed together as the Complaint in this action." *See Order (Doc. 9)* at 1.

[8]*See Complaint (Doc. 1)* at 2, 3.

[9]*Id.* at 3.

[10]*Id.*

[11]*Id.*

[12]*Id.*

overheard, and asked to be put in "lock up" or to be moved to another part of the unit.[13] Plaintiff alleges hearing additional threats from the inmate in Room 204, and that on August 14, 2006, he asked "Lieutenant House" to move him to room 201 or Room 101 or to another part of the unit. Plaintiff states that "Lieutenant House" "said he would make sure no one opens [Plaintiff's] door."[14]

Plaintiff alleges that he filed an "Emergency Grievance" on November 1, 2006, that Captain Henderson came to see Plaintiff about the emergency grievance and "told [Plaintiff] that the inmates that [Plaintiff] was complaining about were no longer here."[15] Plaintiff states that he told Captain Henderson that Plaintiff saw "inmate Torres . . . with a shank in his right hand" in Room 204.[16] Next Plaintiff states that in December 2006, his grievance was denied, and he saw on a bulletin board the names of all the inmates and their room assignments and saw that inmate "Diego Torres" was in Room 204.[17] Plaintiff asks for injunctive relief, specifically that the Court order Defendants to "place [Plaintiff] in a secure location immediately and transport [Plaintiff] to Santa Fe's North Facility."[18]

---

[13]*Id.* at 4.

[14]*Id.*

[15]*Id.* at 4-5. Plaintiff states that he attached his emergency grievance to his complaint, but there are no attachments to the complaint. The ***Defendants' Court-Ordered Martinez Report*** *(Doc. 27)* includes an "Inmate Grievance Form" signed by Plaintiff and dated November 1, 2006. *See* Exhibit 3A at CM-ECF pages 3 through 5 of 8 (all references so designated are to the electronic page numbers listed in the PDF header at the top of each document in the CM-ECF docket). It appears that there was a "Grievance Investigation" into Plaintiff's grievance, and on December 8, 2006, the Grievance Officer found that "the relief requested by the inmate is a classification issue and may not be granted based on the inmate[']s medical needs," and that "no other inmates have access to [Plaintiff's] room without escort and the [Plaintiff's] claim of inmates from a security threat group in a nearby cell was found to be untrue." *Id.* at Exhibit 3A at CM-ECF page 7 of 8.

[16]*See* **Complaint** *(Doc. 1)* at 5.

[17]*Id.* at 5-6.

[18]*Id.* at 9.

4

In Plaintiff's *Letter (Doc. 5)*, Plaintiff alleges that he overheard nurses, officers and other inmates threaten to kill him.[19] Plaintiff alleges these threats took place in November 2006, January 2007, February 2007, and April 2007.[20] In Plaintiff's *Emergency Motion for Order of Protection (Doc. 22)*, Plaintiff states that on November 20, 2007, he "was attacked by his roommate Bobby Folks," who "threw the Plaintiff to the floor and began to [k]ick the Plaintiff for 15 minutes."[21] Plaintiff states that "inmate Folks threw the Plaintiff to the [f]loor causing the Plaintiff's head to slam against the floor," and that "Plaintiff laid on the floor for another 15 minutes before an officer came."[22] Plaintiff states that inmate Folks was moved to another room and another inmate was moved into Plaintiff's room the next day.[23] Plaintiff also alleges that additional threats were made against him and that, in April 2007, he filed a second emergency grievance with the prison.[24] Plaintiff has not filed an amended complaint, pursuant to Fed. R. Civ. P. 15, asserting additional claims based on his allegations in the *Letter (Doc. 5)* or *Emergency Motion for Order of Protection (Doc. 22)*.

---

[19]See *Letter (Doc. 5)* at 1-3.

[20]*Id.*

[21]See *Plaintiff's Emergency Motion for Order of Protection (Doc. 22)* at 1.

[22]*Id.* at 3.

[23]*Id.* at 4.

[24]*Id.* at 5-9. The second grievance is not attached to Plaintiff's motion, nor is it part of Defendants' *Martinez* report.

### *Defendant's Motion to Dismiss*

Defendants ask the Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).[25] Defendants state that the grounds for their motion are "that Plaintiff's claim of an Eighth Amendment violation fails to state a § 1983 claim on which relief can be based."[26] Defendants state that "Plaintiff has not alleged facts to show that the vague threat he stated he overheard, without more, poses a substantial risk of serious harm to him," and that "Plaintiff has not alleged that either of the Defendants is acting with deliberate indifference to his safety."[27] Defendants state that Plaintiff's request for injunctive relief should fail because "Plaintiff can make no showing of harm or probable harm based upon the denial of his emergency grievance," and "[i]t is in the public interest to leave decisions regarding inmate transfers to experienced prison administrators, who are in the best position to make decisions in circumstances such as these when the safety and lives of other inmates and staff are at stake."[28] Defendants also contend that they are entitled to qualified immunity from Plaintiff's claims because their actions "do[] not violate clearly established law."[29] In response to Plaintiff's *Emergency Motion for Order of Protection (Doc. 22)*, Defendants state that "there is no evidence that Plaintiff suffered any injury from Inmate Folks or any other inmate" during the period Plaintiff states he was attacked.[30]

---

[25]See ***Defendants' Motion to Dismiss*** (*Doc. 26*) at 1.

[26]*Id.*

[27]See ***Memorandum in Support of Defendants' Motion to Dismiss*** (*Doc. 26-2*) at 3.

[28]*Id.* at 5-6.

[29]*Id.* at 7

[30]See ***Defendants' Response to Plaintiff's Emergency Motion for Order of Protection*** *(Doc. 34)* at 7 and Exhibit 2.

In Plaintiff's ***Response to Defendant[]s['] Motion to Dismiss Complaint*** *(Doc. 30)* and ***Response to Defendants' Martinez Report*** *(Doc. 29)*, Plaintiff restates his allegations that he was threatened and states that "the *Martinez* Report submitted by the Defendants is flawed, misleading and incorrect."[31]  In Plaintiff's ***Response to Defendants' Answer to Plaintiff's Emergency Motion for Order of Protection*** *(Doc. 35)*, Plaintiff contends he presented evidence "that prison officials disregarded repeated warnings of danger to the Plaintiff or continually refused to make the situation safer," because "in October of 2007 [Plaintiff] spoke with Warden Romero about the threats from the other inmates."[32]

### *Standard for Motion to Dismiss*

The Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  To prevail on a motion to dismiss pursuant to Rule 12(b)(6), Defendant must show that, viewing the well-pleaded factual allegations in Plaintiff's complaint as true and in the light most favorable to Plaintiff, Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007); *Ton Servs. v. Qwest Corp.*, 493 F.3d 1225, 1235-36 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and

---

[31]*See **Response to Defendants' Martinez Report** (Doc. 29)* at 2.

[32]*See **Response to Defendants' Answer to Plaintiff's Emergency Motion for Order of Protection** (Doc. 35)* at 4-5.

submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### *A. Plaintiff's Eighth Amendment Claim*

Plaintiff's allegations of overhearing threats do not constitute an Eighth Amendment violation. Prisoners are entitled to reasonable protection against attacks by other inmates, and "the failure of prison officials to protect an inmate from attacks by other inmates may rise to an Eighth Amendment violation." *Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir. 1988) (citation and emphasis omitted). However, to prevail on a claim under the Eighth Amendment, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm . . . and that the prison official was deliberately indifferent to his safety." *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (quotation omitted). Moreover, threats and verbal taunts do not amount to a constitutional violation. *See Curiale v. Hawkins*, No. 04-4289, 139 Fed. Appx. 21, 23, 2005 WL 1181145 (10th Cir. 2005) ("We find no error in . . . the . . . recommendation to dismiss [the plaintiff's] claims that Defendants' statements violated his civil rights"); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ) ( "[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Plaintiff does not show that the threats he says he overheard constitute a substantial risk of serious harm, and, therefore, Plaintiff fails to state a claim for which relief may be granted and his claims should be dismissed with prejudice.

8

### *B. Plaintiff's Emergency Motion for Order of Protection*

Plaintiff's *Emergency Motion for Order of Protection (Doc. 22)* alleges that Plaintiff was attacked in his cell by another inmate and that Plaintiff continues to be threatened. Plaintiff asks the Court to order "that the Plaintiff be moved to room 101 or room 201 and that the Plaintiff is to have no contact with other inmates."[33] If Plaintiff is asking the Court for a preliminary injunction, Plaintiff must establish: "(1) [he] will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) [he has] a substantial likelihood [of success] on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quotation omitted). In addition, preliminary injunctive relief in civil actions with respect to prison conditions "must be narrowly drawn," extend no further than necessary to correct any harm found by the Court, "and be the least intrusive means necessary to correct that harm." *See* 18 U.S.C. § 3626(a)(2). Here, Plaintiff presents no evidence that he will suffer irreparable injury unless the injunction issues, because the inmate who allegedly attacked Plaintiff was moved to another room after the alleged attack.[34]

To the extent that *Plaintiff's Emergency Motion for Order of Protection (Doc. 22)* is an attempt by Plaintiff to amend his complaint, the Court may dismiss claims *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall*, 935 F.2d at 1109-10 (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)). Here, even if Plaintiff's *Emergency Motion for*

---

[33]*See **Emergency Motion for Order of Protection** (Doc. 22)* at 9-10.

[34]*See **Plaintiff's Emergency Motion for Order of Protection** (Doc. 22)* at 4.

Case 1:07-cv-00333-JB-LAM   Document 38   Filed 07/03/08   Page 10 of 11

***Order of Protection*** *(Doc. 22)* was considered by the Court to be an amended complaint, the allegations therein do not show a substantial risk of serious harm or that the prison officials had a state of mind of deliberate indifference to inmate health or safety. First, in order to rise to the level of an Eighth Amendment violation, the prison officials' conduct must involve "obduracy and wantonness, not inadvertence or error in good faith." *See Blankenship*, 840 F.2d at 742. While Plaintiff told officers he heard threats from other inmates, Defendants point out that Inmate Folks was Plaintiff's roommate from August 29, 2007, through November 20, 2007, and that Plaintiff has had at least three other roommates since November 27, 2007.[35] Thus, Defendants' actions in allowing Plaintiff to have a roommate do not rise to the level of deliberate indifference. Plaintiff also fails to show that Defendants exhibited deliberate indifference to Plaintiff's safety because the alleged attacker was moved from Plaintiff's room the same day as the alleged attack. In addition, Plaintiff does not allege any serious injuries from the attack, and Plaintiff does not dispute that his medical records for the time period at issue do not show "reporting of any treatment of physical injury, nor of any discussion of patient complaints of any physical altercation, nor of any examination which would be the normal and required consequences of any complaint of physical altercation."[36]

---

[35]*See **Defendants' Response to Plaintiff's Emergency Motion for Order of Protection** (Doc. 34)* at 4 and Exhibits 1B and 1C.

[36]*See **Defendants' Response to Plaintiff's Emergency Motion for Order of Protection** (Doc. 34)* at 7 and Exhibit 2.

10

*D. Conclusion*

In conclusion, even after accepting as true Plaintiff's allegations and drawing all reasonable inferences in favor of Plaintiff, the undersigned agrees with Defendants that Plaintiff fails to make the necessary allegations to defeat Defendants' motion to dismiss. Defendant has demonstrated that Plaintiff's complaint alone is not legally sufficient to state a claim for which relief may be granted, and thus Plaintiff's complaint should be dismissed with prejudice.

In addition, the Court recommends that Plaintiff's *Emergency Motion for Order of Protection (Doc. 22)* should be denied because Plaintiff failed to show that he is entitled to preliminary injunctive relief or that the additional allegations constitute Eighth Amendment violations.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that *Defendants' Motion to Dismiss* (*Doc. 26*) be **GRANTED**, and that Plaintiff's *Emergency Motion for Order of Protection (Doc. 22)* be **DENIED**, and that all of Plaintiff's claims and this case be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**