**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBERT CURTIS WILLIAMS,

        Plaintiff,

v.                                                                                 No. CIV 07-333 JB/LAM

JOE WILLIAMS and
ERMA SEDILLO,

        Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION (*Doc. 38*)**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed on July 3, 2008 (Doc. 38)(hereinafter "PF&RD"). On July 22, 2008, Plaintiff filed Plaintiff's Objections to the Court's Proposed Findings and Recommended Disposition (hereinafter "Objections")(Doc. 39).[1] The Court has conducted a *de novo* review of the PF&RD to which Robert Williams objects, relevant portions of the record of this case, and relevant law. Having done so, the Court will overrule Robert William's Objections. Accordingly, the Court will adopt the PF&RD; grant Defendants' Motion to Dismiss; deny Plaintiff's Emergency Motion for Order of Protection; and dismiss this case with prejudice.[2]

---

[1] The Court notes that Robert Williams filed his Objections one day after the 10-day deadline to file objections under 28 U.S.C. § 636(b)(1). On August 14, 2008, Robert Williams filed a Show of Cause for [] Failing to File Objections in a Timely Manner (Doc. 40), explaining that he "believed his objections were timely filed because [they] were postmarked before on [sic] July 21, 2008." Robert Williams states that he "has just been advi[s]ed that that rule does not apply here" and that "[h]ad Plaintiff been aware of this Plaintiff would have filed a motion for extension of time due to the fact that Plaintiff suffers from A.L.S." Robert Williams "ask[s] the Court to forgive [his] mistake and allow [his] case to continue." The Court, in its discretion and in the interests of justice, will consider Robert Williams' Objections even though they were filed one day late.

[2] The Court notes that, while Judge Martinez' Proposed Findings of Fact and Recommended Disposition discusses facts beyond the pleadings, because the Proposed Findings and Recommended Disposition deals with multiple motions, the Court considered only the pleadings in making its determination to grant the Defendants' Motion to

Robert Williams argues in his Objections that "it is unlawful for the Court to issue a 'Proposed Findings and Recommended Disposition' on Defendants' Motion to Dismiss because Plaintiff's 'Emergency Grievance' was not properly heard by prison officials."  Objections at 10. Robert Williams contends that prison officials did not properly hear his "Emergency Grievance," because: (I) he did not identify the inmates that threatened him on July 25, 2006, but prison officials thought he had identified the inmates, see id. at 10-11, 14, and (ii) Captain Henderson did not address Robert Williams' allegation that inmate Diego Torres was standing with a shank when he threatened Robert Williams, see id. at 11-12.  Robert Williams contends that, because the prison officials did not properly hear his "Emergency Grievance," he has not exhausted his administrative remedies.  See Objections at 13.  In addition, Robert Williams argues that the following evidence demonstrates that he will suffer irreparable harm if the Court does not issue an injunction: (I) the comments that inmate Bobby Folks made before he "attacked Plaintiff;" (ii) "the fact that Plaintiff is allowed to have other roommates after the comments and attack by inmate Folks"; and (iii) because of Robert Williams' physical condition, he is unable to defend himself.  Id. at 15.

The Court will not consider Robert Williams' contention that prison officials did not properly hear his "Emergency Grievance" because he raises this contention for the first time in his Objections.  See United States v. Garfinkle, 261 F.3d 1030, 1032 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")(citing Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)).  The Court finds that Robert Williams' contention that he will suffer irreparable harm if the Court does not issue an injunction lacks a factual basis in the record.  None of the evidence presented by Robert Williams

---

Dismiss.  Based on the pleadings alone, the Court finds that Robert Williams fails to state a claim for which relief may be granted.

indicates that he will suffer irreparable injury if he is not moved to another room in the prison. See Skinner v. Glanz, No. 07-CV-0223-CVE-SAJ, 2007 WL 1541499, *3 (N.D. Okla. May 24, 2007)("Abstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'")(citing City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983))(additional citations omitted).

**IT IS ORDERED** that Plaintiff's Objections to the Court's Proposed Findings and Recommended Disposition are overruled and the Proposed Findings and Recommended Disposition are adopted by the Court; Defendants' Motion to Dismiss is granted; Plaintiff's Emergency Motion for Order of Protection is denied; and this case be dismissed with prejudice and that a final judgment be entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE